No. 26,830.

Leon Peoples, a Minor, by J. W. Peoples, His Father, as Next Friend, *Appellee,* v. The Condie-Bray Glass and Paint Company, and The Waggoner Paint and Glass Company, *Appellants.*

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act—*Employees and Employers Within Act— Evidence.* In an action to recover under the workmen's compensation act, the proceedings considered and *held:* (a) A special finding of the jury that plaintiff was an employee of the defendant was conclusive. (b) The evidence was sufficient to support the general verdict and judgment which included the finding that the defendant was under the provisions of the workmen's compensation act.

2. Same—*Trial Generally.* Various alleged errors considered and held not to warrant a reversal.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed October 9, 1926. Affirmed.

*Lee Judy,* of Kansas City, and *D. F. McMahon,* of Kansas City, Mo., for the appellants.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover under the workmen's compensation act. Plaintiff prevailed, and defendants appeal.

The facts are substantially these: Plaintiff, a young man, lived near the cement plant of the Kansas Portland Cement Company at Bonner Springs. That company in the summer of 1924 was remodeling its plant and made a contract with the Condie-Bray Glass and Paint Company to furnish and set the glass in the new plant in accordance with certain plans and specifications. The work of glazing proceeded, and plaintiff applied to the man in charge for em-

---

Workmen's Compensation Acts, C. J. p. 127 n. 95; L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201; 28 R. C. L. 716.

ployment. He was hired and set to glazing. While at work at an elevation of about forty-eight feet from the ground he slipped and fell upon a concrete floor, sustaining a severe injury to his back.

The plaintiff was hired by one W. E. Watson, and one of the questions presented is whether Watson was an independent contractor, or whether he was working for the defendant, the Condie-Bray Glass and Paint Company, and employed the plaintiff to work for that company. There was evidence that the defendant, the Condie-Bray Glass and Paint Company, contracted with the cement company to furnish and glaze all the windows, i. e., to furnish the glass and put it in the sash, for which it was paid $3,700; that it hired Watson to put the glass in; that it agreed to pay him as for piece work; that it took no bond from him that he would properly perform the work. There was no written contract between defendant and Watson, the defendant, however, claiming that Watson was an independent contractor or had taken a subcontract to do the work. The jury returned a special finding that the plaintiff was working as an employee hired by the defendants and that he was not the hired employee of Watson. Under the evidence submitted, it was a question of fact as to whether the plaintiff was an employee of the defendants, and the finding of the jury is conclusive.

A vital question presented for consideration is whether the evidence was sufficient to show that the defendant came under the provisions of the compensation act—whether it employed as many as five men continuously for more than a month previous to the injury. While such evidence was meager, we think it was sufficient. There was evidence that the contract was procured by the defendant on May 23; that work was begun right away; that the glass was being set for a month before June 23; that the plaintiff was injured on June 23; that the defendant had been working there at least a month getting glass set and probably two months all told before the job of glazing was completed. The jury returned a special finding, supported by evidence, that nine men were employed in the work.

The statute in part reads:

"It is hereby determined that the necessity for this law and the reason for its enactment, exists only with regard to employers who employ a considerable number of persons. This act, therefore, shall only apply to employers by whom five or more workmen have been employed continuously for more than one month at the time of the accident." (R. S. 44-507.)

Under all the circumstances the inference may reasonably be

drawn that the defendant had the requisite number of men on the job for more than a month at the time of the accident, to bring it within the provisions of the compensation act.

Other questions discussed in the briefs have been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.