No. 29,829.

MACY BURGIN, *Appellee*, v. THE WESTERN COAL & MINING COMPANY, *Appellant.*

(296 Pac. 373.)

Opinion filed March 7, 1931.

*W. P. Waggener, J. M. Challis, O. P. May* and *B. P. Waggener,* all of Atchison, for the appellant.

·*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case arises under the workmen's compensation law. Joseph F. Burgin was an employee of the Western Coal & Mining Company, and both employer and employee were operating under the workmen's compensation law. An accident which resulted in Burgin's death occurred on August 12, 1929, in the course of Burgin's employment. His wife, Violet Burgin, and his mother, Macy Burgin, claimed to be dependent upon his earnings and asked for compensation. The examiner for the commis-

sion investigated their claims and rejected the one made by his wife because of her desertion of her husband. The mother was allowed for partial dependency the sum of $615.38. Both the widow and the mother of the deceased workman appealed from the awards to the district court, and there the court sustained the finding of the commission that the wife was not a dependent of the deceased workman at the time of his death. As to the mother, the court found:

"That Macy Burgin was a widow and is the mother of the deceased Joe Burgin; that on account of her age and physical disability she was totally dependent upon the deceased Joe Burgin at the time of his death, and that his earnings were such as to entitle her to the maximum compensation."

An award of $4,000 was made. The defendants appeal and insist that the finding of total dependency is without support in the evidence.

The only question presented on the appeal is the matter of total dependency of the mother on the deceased workman. She had two sons, Joseph and William, the latter a miner whose average earnings were $100 per month. She had two daughters with whom she stayed occasionally, and she had been earning something for her services in house cleaning and washing for others until the death of Joseph, but had been able to earn but little for two years before the trial. She testified that Joseph had contributed about $25 or $30 a month in money or scrip of the company's store for about two years before his death. He was out of work part of the time when the mine was idle and he had no property or funds outside of his earnings. She testified:

"I don't know how much William has contributed to my support during the last two years. Not very much. I am appreciative of the support my children gave me, but can't remember how much William contributed to my support. . . . . I am sure William has not contributed as much as Joe."

She also said that her son Arthur had contributed $10 to her support about a year before the trial. A daughter, Edith Jenkins, testified that:

"She visited me for a week or two weeks. Sometimes once a month, maybe two months between visits. During that time I did not charge her for board. I have a married sister. My mother is on friendly relations with her. She visited with her the same as with me. Would go all day sometimes and leave in the evening again. William lives at Arma. Mother visits him there.

"Q. Ever stay any length of time? A. Stay all day was all I know.

"Q. Never stayed two or three weeks? A. Not since he moved to Arma; when they lived right next door she did. She has not been pretty constantly employed until recently."

The son William did not claim any credit for caring for his mother, and testified:

"Never gave her any money. Don't know whether she needed any; never asked her. She was working on her own hook right along so far as I know. She was a hard-working, industrious woman, when she was able to work. . . . I never authorized my mother to buy anything at the store on my account. . . . If she needed anything she could come and ask me. I have two sisters, one at Midway and one at Gross. My mother visits them once in a while."

The testimony offered by and in behalf of plaintiff shows that she was not totally dependent on the deceased workman. He did contribute the greater part of her support, but it is clear from her own testimony that she was not totally dependent nor entitled to maximum compensation. Being only a partial dependent, as the commissioner found, the award of the trial court cannot be sustained. It is true that an appeal to this court brings up only questions of law and our holding is that as a matter of law the plaintiff's testimony shows that she was not a total dependent, and therefore not entitled to the compensation awarded.

The judgment of award must therefore be reversed and the cause remanded for further proceedings.