No. 30,448.

MACY BURGIN, *Appellee*, v. THE WESTERN COAL AND MINING COMPANY, *Appellant*.

(10 P. 2d 908.)

Opinion filed May 7, 1932.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener*, all of Atchison, for the appellant.

*A. H. Carl*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case which has been here before (132 Kan. 663, 296 Pac. 373). At that time the trial court had determined that the mother of a deceased workman was wholly dependent upon him for support. In this court the employer contended the evidence did not sustain that finding. This court upheld that contention and reversed the case for further pro-

ceedings. Thereafter the trial court, considering the matter, found that the mother was partially dependent for support upon the deceased workman; that he had contributed $25 a month to her for her support for two years before his death; that his earnings for those two years were $1,643.66, and that the percentage of dependency under R. S. 1931 Supp. 44-510 could be determined by dividing 600 by $1,643.66. By so doing, and multiplying the result by $4,000, the court found the amount of compensation to be $1,460.15, for which sum an award was adjudged. The employer appeals and contends that the court erred in making this computation in using the figure $4,000, that the figure which should have been used was one which was three times the annual earnings of the deceased workman. This contention must be sustained. The statute (R. S. 1931 Supp. 44-511) outlines the rules for determining annual earnings used as the basis for compensation. Since the finding of the trial court as to the earnings of the workman for two years prior to his death is not questioned we need not give that section of the statute further consideration. R. S. 1931 Supp. 44-510 (2), relating to the amount of compensation where death results from the injury, so far as here pertinent, reads:

"(a) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three times his average yearly earnings, computed as provided in section eleven of this act [R. S. 1931 Supp. 44-511], but not exceeding four thousand dollars ($4,000) and not less than fourteen hundred dollars ($1,400): . . . (b) If a workman does not have any such dependents, but leaves dependents in part dependent on his earnings, such percentage of the sum provided in paragraph 2 (a) of this section as the average annual contributions which the deceased made to the support of such dependents during the two years preceding the injury bears to his average annual earnings during such two years. . . ."

The claimant in this case, not being wholly dependent, does not come within the provision (a) of this statute, but we quote it because provision (b) refers to it and the two together must be considered in determining the amount of claimant's compensation.

Under these provisions of the statute, in any case where three times the annual earnings of the workman amount to as much as $1,400 and less than $4,000, a short formula for computing the award to one partially dependent is to take three times the annual contribution of the workman to the support of the dependent for the two years prior to his death. For example, if the annual earnings of the workman, computed under section eleven of the act, are $1,000, and

for the two years prior to his death he has contributed an average of $25 a month to the support of one partially dependent upon him, that is, $300 a year, to get the percentage of his contribution we would divide 300 by 1,000. To determine the amount of the award to such a partial dependent, that result would be multiplied by 3,000. In such a computation the multiplicand is always three times the divisor. Any sum divided by x and the result multiplied by 3x is equivalent to the sum multiplied by three. So in this case, when the court found that the average contribution of the deceased workman to his mother for the two years prior to his death was $25 per month, or $300 per year, the award should have been three times that sum, or $900. Appellee contends that appellant is not in position to urge that computation because of a stipulation it made before the compensation commissioner. The stipulation relied upon reads as follows:

". . . that the earnings of the deceased workman were sufficient to entitle his dependents, if entitled to anything, to the maximum or such portion of the maximum as the beneficiary might be entitled to."

Obviously the maximum referred to in this stipulation is the $4,000 mentioned in the statute above quoted. Appellee contends that this is a binding agreement on behalf of appellant, that the earnings of the deceased workman were sufficient that three times the amount of the annual earnings would be as much as $4,000. If the stipulation is to be so construed it must also be construed as an agreement that the annual earnings of the deceased workman were one-third of $4,000, or $1,333.33. If that were true the same result as to the amount of the award, $900, would be reached in this case. In view of that stipulation there was no necessity of the compensation commissioner hearing evidence in this case on the amount of the workman's earnings for the year, or two years, previous to his death. Evidence was taken on that question, and such earnings were found to be not $1,333.33, as stipulated, but $821.83. If that were used as the annual earnings of the workman, then three times that sum should have been used as the maximum of compensation instead of using the statutory maximum of $4,000. It is clearly inaccurate to use one basis for annual earnings of the deceased and another unrelated basis for the maximum compensation. The result is that the judgment of the court below must be reversed, with directions to adjudge the award to be $900.

Both parties complain here of the finding of the trial court that the amount of the contributions of the deceased workman to the sup-

port of his mother averaged $25 per month for the two years prior to his death, appellant contending that the amount is too large, appellee contending it is too small. While it is $5 per month more than the compensation commissioner found, it is within the range of the figures testified to by witnesses on that point and hence cannot be said not to be supported by competent, substantial evidence. The finding is therefore binding on this court.

The judgment of the court below is reversed, with directions to enter a judgment awarding the claimant $900.