No. 35,512

Mrs. Sylvia Mihoover (Claimant), *Appellant*, v. Winter Live-stock Commission Company (Respondent), and Hartford Accident and Indemnity Company (Insurance Carrier), *Appellees.*

(125 P. 2d 363).

Opinion filed May 9, 1942.

*Glenn Porter,* of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace, William Tinker* and *Arthur W. Skaer,* all of Wichita, were on the briefs for the appellant.

*Russell L. Hazzard,* of Dodge City, argued the cause for the appellees.

The opinion of the court was delivered by

Smith, J.: This was a claim for workmen's compensation. The commissioner of workmen's compensation made an award in favor of the claimant. The employer and its insurance carrier appealed from this award to the district court. The district court awarded a less amount of compensation than was awarded by the commissioner of workmen's compensation. The claimant has appealed.

The only question in this case is the extent of the disability of the claimant. On September 27, 1940, she was injured when a fellow workman pushed a chair from under her, causing her to fall to the concrete floor. She continued to work for several weeks. On October 11, 1940, a doctor diagnosed her injury as an injury to the coccyx and sacrum. On October 31 X-ray pictures were taken of the injury and she was placed in a cast. She remained in this cast for twenty-eight days. Compensation was paid her by the respondent for seven weeks, at the rate of $6 a week. The last payment was

made on December 15, 1940. No medical or hospital attention was furnished to her by respondent. On March 8, 1941, she filed her application for compensation. The commissioner of workmen's compensation made an award on April 30, 1941, for temporary total disability at the rate of $7.20 per week until the further order of the commission but in no case to exceed 415 weeks. The commissioner also ordered that the respondent pay the hospital bill in the sum of $139.80 and the bill of her doctor in the sum of $143 and medical attention not exceeding $500. This award was appealed to the district court. There the record was examined and the court found that the claimant's injury was temporary in character; that she had been disabled for eight weeks, and allowed her the sum of $7.20 per week for a period of seven weeks, credited against this the sum of $42 which had already been paid her, and allowed her $8.40 general compensation. The court also allowed the hospital bill in the sum of $139.80 and the doctor bill from the 11th of October, 1940, to April 18, 1941.

From that judgment the claimant has appealed to this court.

Claimant argues that there was no evidence whatever to sustain the finding of the trial court that claimant was disabled for eight weeks. This record discloses that doctors called on behalf of claimant testified in a way which would sustain the award made by the commissioner of workmen's compensation. On the other hand, the one doctor called for the respondent testified that she was not injured at all. He said:

"In my opinion from looking at the X rays it was not necessary for her to go to the hospital to have a cast put on."

He also testified that any trouble she had was caused by a congenital anomaly.

Another doctor testified to the same effect as to the congenital anomaly and that her condition was not the result of any injury. He said:

"Thought probably she might have a little sensitiveness of the coccyx but she was not disabled."

Evidently the court saw fit to believe the evidence of the last two doctors.

This court on appeal in a workmen's compensation case cannot weigh conflicting evidence. Our jurisdiction is restricted to an examination of legal questions. See *Miller v. K. S. Flint Rig Co.*, ante,

p. 66, 122 P. 2d 734, also *Proffitt v. Aldridge,* 154 Kan. 468, 119 P. 2d 523.

The claimant argues that there was no evidence whatever to sustain the finding that the claimant had been disabled for eight weeks. It is true there was no evidence as to this exact period of time. However, if the court believed the two doctors, to which reference has been made, their evidence was to the effect that she was not injured at all. Hence the court awarded her more compensation than she was entitled to under their evidence. She cannot, therefore, be heard to complain.

The judgment of the trial court is affirmed.