No. 40,393 and No. 40,400

FLOYD H. WILBECK, *Appellant,* v. GRAIN BELT TRANSPORTATION COMPANY, *Appellee* and *Cross-Appellant.*

(313 P. 2d 725)

Opinion filed July 3, 1957.

*Richard M. Beary,* of Kansas City, argued the cause, and *Austin B. Speers, John P. Haley, Jr.,* and *James J. Crisp,* all of Kansas City, Mo., were with him on the briefs for the appellant.

*William Hergenreter,* of Topeka, argued the cause, and *E. Newton Vickers,* of Topeka, was with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a workmen's compensation case. The trial court affirmed but modified the award of the commissioner. The claimant appealed from the modification of the award and the respondent cross-appealed from the allowance of any award.

The respondent freight transportation company carried on its business exclusively by leasing trucks, tractors, and trailers. It hired about fifty truck drivers. Some owned their own trucks and some drove trucks owned by third parties. Claimant was an owner-driver and prior to the day in question, between April 26, 1955, and July 12, 1955, he had made nine trips for respondent for which he had received $728.52. Each of these trips was based on a one-way lease contract whereby claimant leased his truck to respondent

and furnished his services as a driver thereof. For this he received 70% of the gross freight charges, from which 15% was paid for trailer rental to some independent trailer-renting concern. He was paid directly by respondent. Other truck owners could, and in some instances did, hire drivers who were paid 20% of the aforementioned 70% of the gross freight charges.

All shipments were governed and controlled by regulations of the Interstate Commerce Commission or the Kansas Corporation Commission under permits issued to respondent and the only authority by which claimant hauled freight for respondent was by and through these permits. Respondent required each truck to carry a sign reading, "Leased To Grain Belt Transportation Company." All road mileage, transportation tax, public liability, property and cargo insurance costs were paid by respondent. Claimant carried only a $250.00 deductible policy of insurance on his truck.

Respondent did not deduct any withholding tax or social security from moneys which it paid direct to a driver. Money was advanced to each driver, including claimant, by respondent before a trip started. A driver could refuse a load but he could not pick or choose what load he would take.

On July 25, 1955, the day in question, respondent had a shipment of oil field pipe to be delivered from Kansas City, Kansas, to Hays, Kansas. Claimant, with his truck-tractor, went to respondent's yard, picked up an empty trailer, and proceeded to the shipper's place of business, where the pipe was loaded. Thereafter claimant returned to respondent's yard where respondent inspected the equipment and claimant, after receiving his clearance papers, checked out. This was the regular routine procedure before any load was permitted to start out on the highway. Delivery of the oil field pipe was to be made the next morning in Hays, Kansas. At about 6:00 p.m. on July 25, 1955, while claimant was traveling on highway No. 10 near Sunflower, Kansas, the motor of his truck became overheated and he pulled off the road to allow it to cool. He touched the brakes and they locked. This caused the load of pipe to come forward through the cab of the tractor and claimant's back was injured, for which injury compensation is sought. There is no dispute about accidental injury, filing of notice, or making written claim.

It is an undisputed fact that a truck owner in return for hauling a load of freight received 55% of the gross payment made to respondent by the shipper or consignee.

The trial court determined the relationship of employer and work-man existed under G. S. 1949, Chap. 44, Art. 5, and G. S. 1955 Supp. Chap. 44, Art. 5; it determined the accidental injury suffered by claimant was compensable thereunder; and in conformance there-with, it computed the compensation of claimant for his services to respondent on 20% of the gross revenue. The overall award was for 145 weeks at the rate of $1.75 per week.

Claimant contends this court should decide the proper method for determining his weekly wage and his resulting compensation, but this is not possible on the record before us. The record does not reflect the elements of the expenses on the truck driven by claimant and we are unable to adopt the computation of weekly wage suggested by claimant in his brief. He cites *Workman v. Kansas City Bridge Co.*, 144 Kan. 139, 58 P. 2d 90. There the em-ployee's wage was definitely ascertainable, which makes the case inapplicable here. The more recent case of *Borchardt v. City of Leawood*, 178 Kan. 705, 290 P. 2d 811, involving a part time police-man, is also cited by him. It did not present the same situation that we have. Another case called to our attention is *Leslie v. Reynolds*, 179 Kan. 422, 295 P. 2d 1076, but likewise that case is no help to us in answering the questions presented by claimant.

We are committed to the often-repeated rule of this court that an appeal in a workmen's compensation case is limited to matters of law. We cannot weigh evidence whereby a different conclusion as to the facts involved could be reached than that reached by the trial court. ( G. S. 1949, 44-556; *McMillan v. Kansas Power & Light Co.*, 157 Kan. 385, 388, 139 P. 2d 854; *Copenhaver v. Sykes*, 160 Kan. 238, 239, 160 P. 2d 235; *Hilyard v. Lohmann-Johnson Drilling Co.*, 168 Kan. 177, 181, 211 P. 2d 89.

While claimant assigns five specifications of error, they all affect the one question involving the trial court's computation of the weekly wage and the award based thereon. We shall not disturb that computation and award because there is substantial evidence in the record to justify both. (*Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, 207 P. 2d 1179; *Bender v. Salina Roofing Co.*, 179 Kan. 415, 417, 295 P. 2d 662; *Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 309 P. 2d 681.)

On the cross-appeal there are two specifications of error relating to the trial court's findings. First, that the relationship of employer and workman existed, and, second, that the parties are governed

by our workmen's compensation act. Without repeating the evidence, we are convinced there was substantial and sufficient evidence to justify the trial court's finding that the relationship of employer and workman existed between respondent and claimant and we will not disturb that finding. (*Shay v. Hill,* 133 Kan. 157, 163, 164, 299 Pac. 263.)

The authorities cited by respondent, in support of its contention that because of the lease contract claimant was an independent contractor, present entirely different factual situations from the one we are now considering upon which the trial court made its findings. We think it unnecessary to detail those authorities and we are not inclined to disturb the trial court's finding on this phase of the case.

It was shown by respondent's own witness that its second contention has no merit because that evidence showed far more than five employees were engaged in its transportation business in the month preceding the accident and we would be forced to conclude, under our long line of decisions, that here again there was substantial and competent evidence for the trial court to find as it did. (*Walker v. Finney County Water Users Ass'n,* 150 Kan. 254, 257, 258, 92 P. 2d 11.)

The appeal herein was filed and docketed as case No. 40,393 and subsequently the cross-appeal was filed and docketed as case No. 40,400, but there is actually only one case. The trial court was correct in its determination of the entire matter.

The judgment is affirmed.