No. 41,390

W. A. Myers, *Appellee,* v. Worth Oilfield Service, Inc., and Tri-State Insurance Company, *Appellants.*

(340 P. 2d 368)

Opinion filed June 13, 1959.

*Tudor W. Hampton,* of Great Bend, argued the cause, and *Jerry M. Ward,* of Great Bend, was with him on the brief for the appellants.

*Melvin O. Nuss,* of Great Bend, argued the cause, and *Vernon L. Nuss,* of Great Bend, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is a workmen's compensation case in which the claimant received an award and respondent employer has appealed. The only dispute now before the court is as to the computation of claimant's weekly wage at the time of the injury. The parties stipulated that the claimant was injured in the course of his employment on March 20, 1957; that the act applied; and respondent concedes that there is sufficient evidence to support the finding of the lower court and the commissioner as to the disability of the claimant. Therefore, those matters will not be discussed.

Going directly to the issue in controversy, the manner of assessing the wage of the claimant is quite clearly shown in the respondent's abstract and we copy therefrom the following statement:

"Evidence shows that claimant was employed as a tool dresser and a swamper. He had worked for this respondent five days at the time of the accident. The record shows he worked 12 hours on March 14; 12 hours on March 15; 9 hours on March 18; 14 hours on March 19, and 10 hours on March 20 up to the time of the accident. At the time of his accident he was working as a trucker helper at the base rate of $1.25 per hour with overtime payable after 40 hours of work. Rule 51-11-1 of the Commissioner sets out the rule to be applied in this case: 'If there is no customary number of working hours per day in the character of work involved, the Commissioner rules that a period of time prior to the accident not exceeding six months, or so much thereof as the period of employment extended, should be taken and the number of hours per day the employee worked most regularly used

as the customary number of working hours per day.' It would be reasonable, therefore, to divide the number of hours worked for this employer by the number of days worked, which gives a figure of 11.4 hours average worked per day. This, then, multiplied by 7 days per week, which the evidence clearly shows was the extent of the work week, gives a figure of 79.8 hours per week. Since this claimant was paid $1.25 per hour as a base pay up to 40 hours per week, and time and one-half for all over 40 hours, the result is $50 base pay per week, and $74.63 per week as overtime, making an average weekly wage of $124.63."

The contention of the respondent comes down to the matter of whether there was any evidence to show that the claimant was to work a seven day week. Respondent contends that claimant was employed on a job and was guaranteed no number of days of work and applying the provisions of section 44-511, G. S. 1957 Supp., the minimum week of five days governs.

However, we find that the claimant testified that he was to have a seven day week and although there is some evidence to the contrary, findings of fact made by the commissioner and approved by the district court on appeal thereto are binding upon this court since this court has no jurisdiction to pass upon questions of fact. This rule applies to the matter of the assessment of wages as well as to other facts (see *Morris v. Garden City Co.*, 144 Kan. 790, at 793, 62 P. 2d 920; *Wilbeck v. Grain Belt Transportation Co.*, 181 Kan. 512, 313 P. 2d 725). In the last case, it was said:

"While claimant assigns five specifications of error, they all affect the one question involving the trial court's computation of the weekly wage and the award based thereon. We shall not disturb that computation and award because there is substantial evidence in the record to justify both. (*Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, 207 P. 2d 1179; *Bender v. Salina Roofing Co.*, 179 Kan. 415, 417, 295 P. 2d 662; *Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 309 P. 2d 681.)"

Attention is also directed to the case of *Alpers v. George-Nielsen Motor Co.*, 182 Kan. 790, 794, 324 P. 2d 177, where this court again approved the computation of wages by the lower court and commissioner when such computation was supported by some evidence.

Since the above disposes of the only question between the parties, the judgment of the district court must be affirmed. It is so ordered.