No. 25,056.

JOSIE JOHNSON, as Guardian and Next Friend of Violet Johnson et al., *Appellants,* v. ISMERT-HINCKE MILLING COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Demand for Compensation Made by Injured Workman —Pending Arbitration Proceedings Workman Died—No New Demand for Compensation by Guardian of Minor Dependents in Order to Recover Compensation Required.* Under the workmen's compensation law, where an injured employee makes demand for compensation within proper time, and requests arbitration, and where an arbitrator is appointed, hearing by the arbitrator is commenced, death then results to the employee from the injuries sustained by him, and no compensation is paid, it is not necessary for the guardian of minor dependent children of the employee to make an additional demand in order to recover compensation for them.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed October 6, 1923. Reversed.

*L. O. Carter,* of Kansas City, for the appellants.

*W. L. Wood,* of Kansas City, and *E. H. Henning,* of Chicago, Ill., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff as guardian and next friend of Violet Johnson, Joseph Johnson, Luther Johnson, and Wesley Johnson, minors, appeals from a judgment rendered against her on the demurrer of the defendant to her petition. The action is to recover under the workmen's compensation law for the death of O. R. Johnson, the father of those named.

The petition alleges that O. R. Johnson was an employee of the defendant; that the defendant was operating under the workmen's compensation law; that Johnson was accidentally injured while in the employ of the defendant on June 3, 1920; and that he died from the effects of that injury on August 11, 1920. This action was commenced on September 2, 1921; and the third amended petition, the one to which the demurrer was sustained and on which judgment was rendered, was filed January 11, 1923.

The defendant contends that the plaintiff did not, within six months after the death of O. R. Johnson, claim compensation for the minor children of the latter.

After alleging facts to show the operation of the law, the petition alleges that demand for compensation was given by the plaintiff to the defendant by notifying its attorneys of record and through them demanding compensation. The petition also alleges:

"That arbitration of said deceased's claim during his lifetime, was actually commenced between the employer and deceased during his lifetime, and which arbitration had not been concluded at the time of his death, nor since, and which claim was at the time of his death, and ever since has been undisposed of and unpaid, and was and is still pending, as the defendant well knew and was fully informed, and defendant was in no manner surprised or prejudiced on account of or by reason of the claim and cause of action now being prosecuted and sued upon."

"That as this plaintiff was appointed as guardian of said deceased's children, as aforesaid, she offered to arbitrate the claim for compensation as is allowed and permitted by the compensation act of the state of Kansas, and said defendant refused to arbitrate said claim, and this plaintiff therefore filed this suit."

"That said O. R. Johnson did not notify the defendant in writing of the occurrence of said injuries, within ten days after the happening thereof, for the reason that said defendant, The Ismert-Hincke Milling Company, its employees, a foreman, who was in charge of said plaintiff, and other workmen in that locality, but whose names plaintiff does not know, and for that reason cannot herein state, but which foreman plaintiff states came to the said O. R. Johnson at about the time O. R. Johnson received and sustained said injuries; and that thereafter and on the following day the defendant's physician, viz., Dr. H. S. Lemmon, called upon said O. R. Johnson at his residence and dressed his foot and prescribed medicine for and treated him; and that defendant had full knowledge and notice of said O. R. Johnson's injuries at the time said injuries occurred and that said defendant has not been prejudiced by plaintiff's failure to give it a written notice thereof."

"That said O. R. Johnson did within the time prescribed by the above statutes make a claim upon said defendant as prescribed by said statutes for his injuries sustained as aforesaid, under and according to law, and that by reason of his injuries received and sustained as hereinbefore set forth, the said O. R. Johnson was wholly and permanently disabled as hereinbefore set out and finally died on said 11th day of August, 1920, as the result of said injuries so sustained by him as aforesaid, and that such injuries were the proximate cause of the death of said O. R. Johnson."

Most of the cases cited by the defendant to support its contention pertain to notice of injury. The petition alleges facts which show that notice of injury was not necessary and was waived. The defendant cites *Hopper v. Wilson & Co.*, 111 Kan. 539, 207 Pac. 757, where this court held that:

"Where an employer makes settlement with an injured employee, obtaining a release of all claims on his part under the workmen's compensation act, and

some months later the employee dies, an action by his widow under that law cannot be maintained unless a claim upon the employer has been made in her behalf within six months after her husband's death."

The distinction between the case cited and the present one is that in the former the deceased had claimed compensation which was given and settlement thereof had been made prior to his death. In the present case, compensation was claimed by Johnson and arbitration was begun, but death occurred before that arbitration was completed, and no compensation was paid. Even if the defendant did not know that death had occurred, it knew that arbitration proceedings had been commenced, and that they had not been completed. It knew that compensation had been claimed and had not been paid. If the defendant knew that death had occurred, it had no reason to suppose that the minor dependents of O. R. Johnson would abandon their claim for compensation. The differences between the present case and *Hopper v. Wilson & Co.* are so great that the latter case cannot control the present one.

The statute governing the question is section 5916 of the General Statutes of 1915 and, so far as it is material to the present discussion, reads:

"Proceedings for the recovery of compensation under this act shall not be maintainable . . . unless a claim for compensation has been made within three months after the accident or in case of death, within six months from the date thereof."

The statute does not contemplate that two claims for compensation shall be made, one by the injured employee and another by those dependent on him, in the event of his death from the injury. One claim for compensation satisfies the statute. The claim of compensation made by O. R. Johnson was sufficient for himself and for his dependents in the event that the injuries he had sustained should result in his death. It follows that the petition stated a cause of action, and that the demurrer thereto should have been overruled.

The judgment is reversed, and the trial court is directed to overrule the demurrer and proceed with the cause.