No. 25,695.

Josie Johnson, as Guardian, etc., *Appellee,* v. The Ismert-Hincke Milling Company, *Appellant.*

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act—*Evidence Supports Findings and Judgment.* In an action under the compensation act to recover for the death of an injured employee, the evidence examined and held sufficient to support the findings of the jury and judgment of the court.

2. Workmen's Compensation Act—*Injuries to Workman—Liability of Employer Arises on Contract—Method of Computing Compensation Under the Statute—Compensation Due at Death of Workman.* The liability of an · employer to his employee under the workmen's compensation act is a liability arising on contract, and where death resulted from injuries caused by an accident arising out of and in course of the decedent's employment, and where his average weekly earnings for the fifty-two weeks immediately preceding the accident, were ascertainable by computation, the amount of compensation became due and payable on his death and interest should be allowed on the amount from that time.

3. Same—*Various Assignments of Error Without Merit.* Various assignments of error considered and held to be without substantial merit.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed October 11, 1924. Affirmed as modified.

*W. L. Wood,* of Kansas City, and *E. H. Henning,* of Chicago, Ill., for the appellant.

*L. O. Carter,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one for compensation brought by the plaintiff, as guardian for and on behalf of four minor children, on account of the death of their father, O. R. Johnson, who was injured while in the employ of the defendant. The plaintiff recovered and defendant appeals. ·

The deceased was a trucker. He was injured on June 2, 1920, while handling a two-wheel truck carrying a load of five sacks of flour which weighed about 98 pounds each. While pushing the truck across a metal runway which extended from a. building to a car in which the flour was being loaded, the truck, by some accident, was caused to topple over on the deceased, crushing his chest, injuring his left foot, and rendering him unconscious. He was unable to work for a period of three weeks, during which time he was treated

by defendant's physician. He then returned to his employment and was put in the sacking department at light work, which he continued for a period of eight days, when he again returned home on account of severe pains in his chest. He was never able thereafter to be out, and died August 6, 1920. In the meantime arbitration of his claim for compensation had been agreed upon by the parties and an arbitrator appointed by the district court. On the 23d of July his testimony was taken, though under great difficulty, and on account of his serious condition nothing further was accomplished toward arbitration during his lifetime. After his death this action was prosecuted by the plaintiff for the minor children. This is a second appearance of the case here. An appeal was originally taken to this court by the plaintiff from an order of the trial court sustaining a demurrer to her petition. The judgment of the trial court was reversed, with directions to proceed with the trial. (*Johnson v. Milling Co.*, 114 Kan. 470, 219 Pac. 256.) The case was submitted to a jury to answer special questions only, on the answers to which the trial court entered judgment for the plaintiff in the sum of $3,779.88, and from which judgment the defendant appeals. The plaintiff has a cross-appeal because of the refusal of the trial court to allow interest on the amount of the award.

The defendant complains of the admission of evidence; of overruling its demurrer to plaintiff's evidence; in refusal to submit certain special questions; of the giving of certain instructions and refusal to give others; and in overruling defendant's motion to set aside the special findings of the jury.

Special questions were answered by the jury as follows:

"1. Was the said O. R. Johnson injured by accident arising out of and in the course of his employment while working for the defendant, on June 2, 1920? A. Yes.

"2. If you answer the preceding question 'Yes,' then state what part or parts of his body was injured. A. Chest and ankle.

"3. If you answer question No. 1 'Yes,' state whether or not the injury received by said O. R. Johnson on June 2, 1920, was the proximate cause of his death. A. Yes.

"4. Did said O. R. Johnson come to his death from acute pneumonia or phthisis? A. Yes.

"5. If you answer the last preceding question 'Yes,' then state whether such pneumonia or phthisis was the result of a personal injury by accident arising out of and in the course of the employment of said O. R. Johnson while working for the defendant. A. Yes.

"6. What were the average weekly earnings of said O. R. Johnson for fifty-

Johnson, *Guardian,* v. Milling Co.

two weeks immediately next preceding the date of said accident and injuries, if any?   A.   $24.23."

The defendant contends that there was no competent evidence showing that the decedent's death resulted from the accident sustained on June 2.   In the hearing before the arbitrator, the deceased testified that the truck knocked him down; that it struck him across the chest and rendered him unconscious; that the next day his foot felt bad; that he felt no pain in his chest at that time but did afterwards; that every day it grew worse; that when he returned to work they put him in the sacking room, where he stayed about eight days, and then went home because the pains were so bad (that is, the pains in his chest); that he never had had any trouble like that in his chest before; had never before had trouble with his breathing; that the blow was on both sides of the chest; that he had never had any injury to his chest prior to the accident; that he told Doctor Lemon, defendant's physician, who was attending him following the injury, that his chest was sore, and asked him if he could not give him something to stop the pain. Doctor Coburn, who waited upon the deceased after he had stopped work the second time, testified that the deceased had a tubercular inflammation of the lungs, sometimes spoken of as acute pneumonia or phthisis; that the deceased's condition progressed rapidly, indicating that the condition in his chest was of rapid development. Other witnesses, neighbors of the deceased and his family, testified to the appearance of injury to the breast; that there was a large black place on the chest of the deceased; that it was black and blue, as a bruise will turn after a certain length of time; that the bruise was there until his death.

In *Mayeur v. Milling Co.,* 106 Kan. 123, 126, 186 Pac. 1035, the court, in discussing the evidence required in compensation cases, said:

"The law does not require that the case shall be established by direct evidence; circumstantial evidence is sufficient.   But the circumstantial evidence must be such as would justify an inference that the injury was due to an accident arising out of and in the course of the employment, and must not be left to speculation or conjecture."

The evidence in the instant case was ample to sustain the findings of the jury that the accident was the proximate cause of death.

Other objections to the evidence need no comment.   The evidence was sufficient, under all the circumstances to sustain the special findings of the jury and the judgment of the court.

We have given consideration to various other alleged errors complained of by the defendant, but find nothing which would warrant a reversal of the judgment.

The deceased was injured June 2, 1920, and died August 6 following. The jury found that his average weekly earnings for the fifty-two weeks immediately preceding the accident were $24.23. In conformity with the statute, the court rendered judgment for $3,779.88, a sum equal to three times his average yearly earnings (R. S. 44-510). The judgment was rendered February 23, 1924, more than three years after the injury and decedent's death. The plaintiff complains of the refusal of the court to allow interest on this amount. It is argued by the defendant that this is an action for recovery on a death claim, and not one for recovery of compensation; that plaintiff's claim was one for unliquidated damages, for which reason the plaintiff is entitled to interest only from the date of judgment. Defendant's position is not tenable. The act under which the plaintiff recovered provides compensation to the injured workman or to his dependents, if death results from the injury. The right to recover grows out of the contract relations of the parties, a part of which is the compensation act providing the amount of recovery in case of either injury or death which results therefrom.

In *Moeser v. Shunk,* ante, pp. 247, 251, 226 Pac. 784, it was said:

"The workmen's compensation law fixed the liability of an employer to his employee where both parties are under the law, and this liability is founded upon the contract of employment and the statute. The liability in no sense depends upon tort. It is a liability growing out of contract, the terms of the statute being embodied in the contract. As between the employer and employee the remedy provided by the workmen's compensation law is exclusive. The injured employee or his dependents must recover upon the contract of employment, which includes the provisions of the workmen's compensation act. (*Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193; *McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247.)"

The amount of recovery was ascertainable by computation. The finding of the jury that the average weekly earnings of the deceased for the 52 weeks immediately preceding the date of the accident were $24.23 was based on testimony of employees of the defendant from defendant's books. Upon the death of the decedent it was within the power of the defendant to compute from its own records the amount due to his minor dependents. The amount which was finally ascertained could have been computed immediately on his

death as well or perhaps better than three years later. The statute provides that, "The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue," etc. (R. S. 44-534.) The amount having been ascertainable by computation on the death of the decedent, payment thereof became immediately due and payable, and plaintiff is entitled to interest at 6 per cent from that time. With this modification, the judgment is affirmed.