No. 38,198

PAGE J. DEAN and HELEN A. DEAN, *Appellees,* v. HODGES BROS. (FRANK HODGES and ESTATE OF GEORGE H. HODGES, deceased), and CENTRAL SURETY AND INSURANCE CORPORATION, *Appellants.*

(224 P. 2d 1028)

Opinion filed December 9, 1950.

*Edward M. Boddington,* of Kansas City, argued the cause, and *J. O. Emerson,* and *Edward M. Boddington, Jr.,* both of Kansas City, were with him on the briefs for the appellants.

*Howard E. Payne,* of Olathe, argued the cause, and *Dean Allard,* of Kansas City, Mo., was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: On October 14, 1949, Robert Lee Dean, who lacked three days of being seventeen years of age, was killed as a result of an accident arising out of and in the course of his employment with Hodges Bros., one of the respondents. Thereafter, his father and mother, Page J. Dean and Helen A. Dean, instituted proceedings for compensation under provisions of the Workmen's Compensation Act, which is conceded to govern the rights of the parties. In due time the compensation commissioner heard the evidence and awarded the claimants a total sum of $5,000, to be apportioned one-half to the father and one-half to the mother, payable at the rate of $20 per week, on the theory such claimants were wholly dependent upon their son for support on the date of his death. On appeal, this award was approved by the district court and judgment rendered accordingly. The respondents then perfected this appeal in which the burden of their complaint relates to the trial court's conclusion of total dependency on the part of appellees and the amount of compensation they are entitled to recover under provisions of the act.

Pertinent provisions of the statute on which the judgment depends should be set forth at the outset. They read:

"(a) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three times his average yearly earnings, computed as provided in section 44-511 of the General Statutes Supplement of 1945 and any amendments thereto, but not exceeding five thousand dollars and not less than twenty-five hundred dollars: . . . (b) If a workman does not leave any such dependents but leaves dependents in part dependent on his earnings, such percentage of the sum provided for total dependency in paragraph 2(a) of this section as the employee's contributions which the deceased made to the support of such dependents during the two years preceding the injury bears to his average annual earnings during a contemporaneous period, during such two years. . . ." (G. S. 1947 Supp. 44-510 2[a], [b].)

"(1) Whenever in this act the term 'Wages' is used *it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident,* and shall not include gratuities received from the employer or others . . . (2) Where prior to accident the rate of wages is fixed by the output of the employee the daily wage shall be calculated by dividing the number of days the workman was actually employed into the total amount the employee earned during *the preceding six months, or so much thereof as shall refer to employment by the same employer.* . . . (3) In any case, the average yearly wage shall be found by multiplying the weekly wage, determined as hereinbefore provided, by fifty-two. (4) If a workman has *suffered a previous disability and* receives a later injury his average earnings as a basis for compensation for such later injury shall be such amount *as will reasonably represent his earning capacity at the time of the later injury in the employment in which he was working at such time.*" (G. S. 1947 Supp. 44-511.) (Emphasis supplied.)

"(j) 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means . . . parents . . ." (G. S. 1935, 44-508.)

It should also be noted, that under provisions of the act G. S. 1935, 44-556, appeals to the district court are tried upon the transcript of the evidence and proceedings as presented, had, and introduced before the commission.

We turn now to errors assigned by the appellants as grounds for reversal of the judgment. One of such assignments of error is to the effect the trial court erred in admitting evidence by the claimant and over objection by the respondent by the father being permitted to state that on the 14th day of October, 1949, the date of Robert's death, the father and mother were wholly dependent upon the decedent. In the first place an examination of the record discloses other testimony by this witness to the same effect which was not objected to. In such a situation the testimony complained of was merely cumulative and the appellants cannot now be heard to say that they were prejudiced by its admission. However, we are not

disposed to base our decision on this particular point solely upon that premise.

G. S. 1935, 44-523, reads:

"The committee, arbitrator, commission, or court, shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard.and to present evidence. . . ."

In construing the force and effect of the section of the statute just quoted we have held many times the rules of the civil code are not applicable to compensation proceedings and that the commissioner should not confine the parties to strict rules of evidence.

For illustration see *Freeman v. Fowler Packing Co.*, 135 Kan. 378, 11 P. 2d 276, where it is said:

"The commissioner as an administrative officer heard testimony concerning the subject of death resulting from accidental injury, not admissible under the rules of evidence applicable to procedure in court. He was permitted to do this by statute (R. S. 1931 Supp. 44-523). In reviewing the commissioner's work, the courts may not nullify it by applying their own standards; and if the commissioner's decision be based on substantial and satisfactory evidence, relevant, reasonable, and persuasive, though not technically admissible under the rules of evidence governing procedure, the decision will be upheld. (*Holt v. Peterson Construction Co.*, 134 Kan. 149, 151, syl. ¶ 2.)"

See, also, *Walz v. Missouri Pac. Rld. Co.*, 142 Kan. 164, 166, 45 P. 2d 861; *Souden v. Rine Drilling Co.*, 150 Kan. 239, 241, 92 P. 2d 74; *Stanley v. United Iron Works Co.*, 160 Kan. 243, 255, 160 P. 2d 708.

In view of the express provisions of the act and the decisions, to which we have heretofore referred, we have little difficulty in concluding that the admission by the commissioner of the statement complained of by the appellants, even though it be assumed to be a conclusion, constitutes no sound ground for reversal of the judgment.

Another assignment of error stressed by the appellants is that there was no substantial competent evidence to sustain the district court's conclusion that, under the evidence adduced before the commissioner, each of the claimants was wholly dependent upon the earnings of their deceased son. Let us see.

It clearly appears from the record that on December 15, 1948, Page J. Dean suffered an accidental injury, resulting in total disability, arising out of and in the course of his employment with the Rosedale Development Company. He testified that neither he nor his wife had any independent means of income thereafter until his son, Robert, quit school on or about March 1, 1949, and went to work. The mother's testimony, although it is not as definite, is of

such character that it can be said to be to the same effect. There was, as we have heretofore indicated, other testimony that Robert was the sole support of the family. In fact the father testified he was all the support the family had. It is equally clear that after Robert quit school and went to work he bought all of the groceries, provided the famly with a house in which to live, and expended all the savings he had accumulated up to that time in buying provisions for the family and in paying medical and hospital bills for his father while he was recovering from his injury. Moreover a stipulation entered into between the parties shows that when the son went to work for the appellant, Hodges Bros., in July, 1949, he claimed three exemptions under the provisions of the Social Security Act.

Appellants make much of the fact that Page J. Dean had procured an award against the Rosedale Development Company for total disability in a workman's compensation proceeding, and argue that because he had done so it cannot be held either he or his wife was wholly dependent upon their son for support, notwithstanding the testimony heretofore related. The trouble with this argument is that this award had been appealed to the district court and that the father had never been able to obtain any payments thereon up to the date of the death of his son. It is true, as appellants point out, that this award was approved and affirmed a few days after Robert's death. This, in our opinion, did not preclude the trial court's finding of total dependency. Our decisions are to the effect that dependency is to be determined as of the date of the accident. See page 473 of the opinion of *Proffitt v. Aldridge,* 154 Kan. 468, 119 P. 2d 523, where it is said, "Appellants are correct in contending the degree of dependency must be determined as of the time of the accident [G. S. 1935, 44-508 (j), 44-510 (2c)]."

In the face of testimony such as has been heretofore related we are unwilling to hold there was no substantial competent evidence to sustain the trial court's conclusion the claimants were wholly dependent upon Robert, the deceased workman, on the date of his death. That, under the rule laid down in all our workmen's compensation cases, means that the trial court's finding on the particular point under consideration cannot be disturbed. See West's Kansas Digest, Workmen's Compensation, § 1969; Hatcher's Kansas Digest, Workmen's Compensation, 139a (15).

Finally it is urged the amount of compensation allowed is not sustained by or based upon any substantial competent evidence.

The gist of appellants' argument on this point is that the trial court, in fixing the amount of compensation to which appellees were entitled, was bound to take into consideration the earnings of their son prior to the last week in July, 1949, the date on which he went to work for Hodges Bros. It must be conceded Robert was making considerably less prior to that time than he was after he went to work for such appellant. Be that as it may, we find nothing in the compensation act or in our decisions to warrant or permit the sustaining of appellants' position on this point. The emphasized portions of section 44-511, *supra*, heretofore quoted, definitely indicate, and in and of themselves warrant, a conclusion the compensation authorized by the provisions of 44-510 (2), (a) is to be based upon and under the contract in force and effect at the time of the accident resulting in the death of the involved workman.

The conclusion just announced is not without precedent. In *Workman v. Kansas City Bridge Co.*, 144 Kan. 139, 58 P. 2d 90, we said:

". . . Under the workmen's compensation act, the liability of an employer to his employee is a liability arising out of contract, and the terms of the statute are embodied in the contract. The injured employee must therefore recover upon the contract with his employer. (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; *Johnson, Guardian, v. Milling Co.,* 116 Kan. 731, 229 Pac. 359; *Ross v. Austin Drilling Co.,* 131 Kan. 824, 293 Pac. 757.)

"It follows appellants cannot recover from this employer upon the basis of a former contract deceased had with another employer. . . ." (p. 141.)

See, also, *Kelly v. Lassen Hotel Co.*, 161 Kan. 444, 168 P. 2d 527, where in illustrating the method to be used in computing the award to dependents, under provisions of the same section of the statute to which we have just referred, the following statement appears:

". . . For instance, if the employee worked only five weeks during the year at $40 a week, his average weekly earnings would be $40 and his 'average annual earnings' computed under 'section 11' (44-511) for the purpose of fixing the award would be fifty-two times $40. . . ." (p. 450.)

There remains only the question whether the award was excessive under the facts disclosed by the record. From a stipulation entered into at the hearing before the commissioner it appears that during the twelve weeks, *i. e.*, from the last week in July to October 15, 1949, Robert worked for Hodges Bros. his earnings averaged at least $35.60 per week. His "average yearly earnings" computed under section 44-511, *supra*, for the purpose of fixing the award would be fifty-two times $35.60 or a total of $1,851.20. Three times that sum,

as authorized and required by 44-510 2(a), *supra,* in a case where a deceased workman leaves parents wholly dependent upon his earnings so long as the award does not exceed $5,000, would amount to more than $5,500. It follows the maximum of $5,000 was proper in the instant case.

The judgment is affirmed.