No. 39,856

WILLIAM GENE SHOBE and SHARON RAE SHOBE, minors by and through their brother and next of kin, WARREN DOLAND SHOBE, *Appellants;* HAZEL SHOBE, widow of William S. Shobe, Deceased, *Appellee,* v. TOBIN CONSTRUCTION COMPANY and TRAVELERS INSURANCE COMPANY, *Appellees.*

(292 P. 2d 729)

Opinion filed January 28, 1956.

*David W. Carson,* of Kansas City, argued the cause, and *John K. Dear* and *J. W. Mahoney,* both of Kansas City, were with him on the briefs for the appellants.

*Buford E. Braly,* of Kansas City, argued the cause, and *Newell A. George,* of Kansas City, was with him on the briefs for appellee, Hazel Shobe.

The opinion of the court was delivered by

PARKER, J.: This is a workmen's compensation case. Neither the employer nor insurance carrier is questioning the amount of the award and all controverted issues are between the claimants with respect to the degree of dependency and apportionment of compensation conceded to be due and payable under its terms.

The issues can be simplified by immediate relation of uncontroverted facts and matters disclosed by the record.

The proceeding was commenced by William Gene Shobe and Sharon Rae Shobe, minors, by and through their brother and next of kin, Warren Doland Shobe, and by Hazel Shobe, widow of William S. Shobe, deceased, against the respondent, Tobin Construction Company, and Travelers Insurance Company, its insurance carrier.

By stipulation at the hearing before the Commissioner it was agreed that the deceased, William S. Shobe, met with personal injury by accident on January 7, 1954, and that he died on the same day; that his death resulted from an injury that arose out of and in the course of his employment at a time when the relationship of employer and workman existed; that the parties were governed by the Kansas Workmen's Compensation Act; that the average annual earnings of the deceased were sufficient for maximum benefits under the Act; that compensation for medical and burial expenses have not been paid by the respondent; and that the issues to be determined were: (1) Who were the dependents of the deceased at the time of his death and what was their dependency? (2) Who was entitled to receive compensation for the death of deceased and in what proportion? (3) Who was entitled to receive the allowance for funeral expenses?

The award handed down by the Commissioner contains everything necessary to complete the factual picture and discloses his disposition of the cause. Portions thereof pertinent to the issues read:

"SUMMARY OF THE EVIDENCE

"Claimant, Hazel Shobe, testified she was married to deceased at the time of his death. She had been married previously, but her former husband was dead. She and deceased Shobe were married February 14, 1953, at Monticello, Kansas. No children were born as a result of the marriage, and she is expecting none. She is forty-six years of age. At the time of her husband's death, she was wholly dependent upon him for her support. Deceased had

two children by a former marriage, who were wholly dependent upon him at the time of his death for support and maintenance. Deceased's first wife is dead. The witness did not work after she married Mr. Shobe. She had worked up until two or three days before marrying him. She owned her home at the time she married deceased. She did not rent the home to anyone else. . . . She had no income from her former husband. She had no income from anything else at the time of her husband's death.

"Warren D. Shobe testified he was guardian of the two minor children, Sharon Rae, age 10, and William Gene, age 14. At the time of Mr. Shobe's death, these children were dependent upon the deceased for their support. He paid the funeral bill . . .

"Don W. Pearce testified for the claimant children. He set the value of Hazel Shobe's home at $8,750.00 cash. In his opinion the home could be rented for $110.00 or $120.00 a month.

### "Findings

"The Examiner finds that at the time of the death of William S. Shobe, he left as dependents, Hazel Shobe, widow; Sharon Rae Shobe, age 10, and William Gene Shobe, age 14; that the widow and the minor children were wholly dependent upon deceased for their support at the time of his death. That they should receive the maximum allowance under the law to be apportioned one-half to the widow, Hazel Shobe, and one-half to Warren D. Shobe, guardian of the estate of Sharon Rae Shobe and William Gene Shobe, minor children, for the use and benefit of said two minor children. That the allowance of burial expenses in the statutory amount of $450.00 be paid to Warren D. Shobe.

### "Award

"Wherefore, Award of Compensation Is Hereby Made in favor of the widow of the deceased workman, Hazel Shobe, and the minor dependents, Sharon Rae Shobe, age 10, and William Gene Shobe, age 14, in the sum of $9,000, which is apportioned one-half to the widow, and one-half to Warren D. Shobe, guardian of the estate of Sharon Rae Shobe and William Gene Shobe, payable at the rate of $28 per week, one-half to the widow and one-half to the guardian. As of June 3, 1954, there is due and owing 21 weeks of compensation at $28 per week, or $588.00, which is hereby ordered paid one-half to the widow, and one-half to the guardian. The remainder of the compensation, $8,412.00, is to be paid at the rate of $28 per week, one-half to the widow and one-half to the guardian, until fully paid, or until the further order of the Commissioner.

"Award is also made for the payment of the statutory funeral benefit of $450 to Warren D. Shobe who paid all of the funeral expenses."

Warren Doland Shobe, as guardian, appealed from the foregoing award to the district court of Wyandotte County in conformity with the statute (G. S. 1949, 44-556), by filing his notice of appeal with the Commissioner within twenty days after the rendition of such decision. Thereafter the cause came on for hearing in the district court which refused to change or modify the award in any respect,

made express findings to the effect the award of the Commissioner should be approved and adopted and rendered judgment accordingly. Thereupon the guardian perfected this appeal for and on behalf of the minor claimants.

In approaching consideration of the contentions advanced as grounds for reversal of the trial court's judgment it is well to keep in mind certain principles which, although universally applicable in workmen's compensation cases, have particular significance in view of the involved facts and circumstances.

For two of such principles we quote from the syllabus of *Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846.

"In an action under the workmen's compensation act it is the function of the trial court, not that of the appellate court, to pass upon the facts.

"Whether the judgment of the trial court in such an action is supported by substantial competent evidence is a question of law, as distinguished from a question of fact." (¶¶ 4 & 5.)

Another is to be found in *Stanley v. United Iron Works Co.*, 160 Kan. 243, 160 P. 2d 708, which reads:

"On review in a workmen's compensation case the appellate court (1) is concerned only with evidence tending to support the award and does not consider evidence which might have warranted a contrary conclusion, (2) examines the record merely for the purpose of ascertaining if such award is supported by substantial competent evidence, and (3) liberally construes provisions of the compensation act with the view of effecting its purpose." (Syl. ¶ 1.)

For another see *Peters v. Peters*, 177 Kan. 100, 276 P. 2d 302, which holds:

"The degree of dependency in a workmen's compensation case is a question of fact and findings with respect thereto will not be disturbed on appellate review when there is any evidence to support them." (Syl. ¶ 2.)

And for still another see *Dean v. Hodges Bros.*, 170 Kan. 333, 224 P. 2d 1028, where it is said:

". . . Our decisions are to the effect that dependency is to be determined as of the date of the accident. See page 473 of the opinion of *Proffitt v. Aldridge*, 154 Kan. 468, 119 P. 2d 523, where it is said, 'Appellants are correct in contending the degree of dependency must be determined as of the time of the accident [G. S. 1935, 44-508 (*j*) (now G. S. 1949, 44-508 [*j*]), 44-510 (*2c*) (now G. S. 1955 Supp. 44-510 [*2c*])].' " (p. 336.)

Appellants' first contention is there was no competent evidence on which the Commissioner could base his finding that Hazel Shobe, hereinafter, in the interest of brevity, referred to as the ap-

pellee, was wholly dependent upon the deceased at the time of his death. The first argument advanced in support of their position on this point is that appellee's testimony to the effect she was wholly dependent upon her deceased husband for her support at the time of his death was in the form of conclusions, hence the trial court had no competent evidence whatsoever on which to base the finding she was wholly dependent. This argument lacks merit and we are not disposed to labor it. It suffices to say it is answered in *Dean v. Hodges Bros.*, supra, where it is said:

"G. S. 1935, 44-523, reads:

" 'The committee, arbitrator, commission, or court, shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence. . . .'

"In construing the force and effect of the section of the statute just quoted we have held many times the rules of the civil code are not applicable to compensation proceedings and that the commissioner should not confine the parties to strict rules of evidence.

"For illustration see *Freeman v. Fowler Packing Co.*, 135 Kan. 378, 11 P. 2d 276, where it is said:

" 'The commissioner as an administrative officer heard testimony concerning the subject of death resulting from accidental injury not admissible under the rules of evidence applicable to procedure in court. He was permitted to do this by statute (R. S. 1931 Supp. 44-523). In reviewing the commissioner's work, the courts may not nullify it by applying their own standards; and if the commissioner's decision be based on substantial and satisfactory evidence, relevant, reasonable, and persuasive, though not technically admissible under the rules of evidence governing procedure, the decision will be upheld. (*Holt v. Peterson Construction Co.*, 134 Kan. 149, 151, syl. ¶ 2.)' "

Specifically, the gist of the argument next advanced by appellants in support of their position on the point now under consideration is that even though appellee testified she was wholly dependent upon her deceased husband her testimony disproves that fact because it discloses that on the date of his death she owned the home in which they had been living, hence it must be held as a matter of law that she was only partially dependent upon him. In addition to what has been heretofore related the appellee did testify that she had no income from any source at the time of her husband's death. Under such circumstances, mindful of the principle that dependency must be determined as of the time of the accident, we are unwilling to say as a matter of law there was no substantial competent evidence on which to base the trial court's conclusion appellee was wholly dependent upon her deceased husband at that

time. In our opinion to hold otherwise would do violence to the rule (See, e. g., *Roberts v. City of Ottawa,* 101 Kan. 228, 231, 165 Pac. 869; *Rupp v. Jacobs,* 149 Kan. 712, 718, 88 P. 2d 1102; *Chamberlain v. Bowersock Mills & Power Co.,* 150 Kan. 934, 944, 96 P. 2d 684; *Murphy v. I. C. U. Const. Co.,* 158 Kan. 541, 548, 148 P. 2d 771; *Bailey v. Mosby Hotel Co.,* 160 Kan. 258, 268, 160 P. 2d 701; *Green v. Burch,* 164 Kan. 348, 355, 189 P. 2d 892; *Forcade v. List & Clark Construction Co.,* 172 Kan. 119, 121, 238 P. 2d 549, and numerous cases therein cited), as old as the law itself, that the Workmen's Compensation Act must be liberally construed to effectuate its purposes.

With further reference to appellants' position on the point just determined we note they cite no decisions, either from this jurisdiction or elsewhere, to sustain it. It has been said that in that situation (See *McCoy v. Fleming,* 153 Kan. 780, 783, 113 P. 2d 1047; *Ehrhart v. Spencer,* 175 Kan. 227, 233, 263 P. 2d 246; *Walker v. City of Hutchinson,* 178 Kan. 263, 266, 284 P. 2d 1073) this court might well conclude that their counsel, after diligent search, have been unable to find any. Be that as it may, when due consideration is given to the purposes behind its enactment, we are unwilling to believe, or hold, the framers of our Workmen's Compensation Act intended that ownership of the family home on the part of the wife of a deceased workman precludes a conclusion she was wholly dependent upon his earnings for her support on the date of the accident resulting in his death.

Appellants' next contention is that the district court erred in confirming the Commissioner's finding that the award should be apportioned one-half to the appellee widow and one-half to the appellants, the minor children, instead of equally on the basis of its finding that all three of such parties were wholly dependent upon the deceased workman. Stripped of all excess verbiage the essence of appellants' position on this point is that since the court found each of the parties was wholly dependent the act requires that the compensation due and payable under its terms must be equally divided among them. We do not agree.

For many years the Workmen's Compensation Act, dealing with the amount of compensation payable under its terms to the heirs of a deceased workman in contested cases, has contained the following provision:

"The commissioner shall have the power and authority to apportion the compensation allowed under either subsection (a) or subsection (b) hereof

in accordance with the degree of dependency as of the date of the accident. . . ." (G. S. 1935, 44-510 [2c], G. S. 1949, 44-510 [2c], G. S. 1953, Supp., 44-510 [2c].)

And another of its sections, dealing with uncontested cases where compensation has been paid to the Commissioner for the benefit of dependents, has read:

". . . Where the compensation has been so paid the commission [commissioner], or such court upon the application of such administrator or any of such dependents, and upon such notice and proof as it may order shall determine the distribution thereof among such dependents. . . ." (G. S. 1935, 44-513, G. S. 1949, 44-513.)

In view of the foregoing sections of our statute it seems clear that, as between the dependents of a deceased workman, the Commissioner is given the right to apportion compensation according to the dependency of the respective dependents as the facts show the case to be. We have previously so indicated in numerous decisions. See, e. g., *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 138 P. 2d 463; *Peters v. Peters*, supra. Indeed we think that was the rule prior to the complete revision of the Workmen's Compensation Act in 1927. (See *McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071.)

Another contention, suggested but not seriously argued by appellants, is that there was no evidence to support the Commissioner's findings as to the degree of dependency between the involved dependents. Where, as here, the record discloses a complete hearing with respect to that question and a full opportunity on the part of the Commissioner to determine the needs and requirements of the dependents we do not believe the Act contemplates that, when approved and adopted by the district court, his award with respect thereto can be disturbed on the ground there was no evidence to support it. Therefore, since all our decisions hold the degree of dependency in a workmen's compensation case is a question of fact and that findings with respect thereto will not be disturbed on appellate review when there is any evidence to support them, this contention cannot be upheld.

A final contention raised by appellants, to the effect compensation was apportioned to the dependents under our statute of descents and distribution and not in compliance with requirements of heretofore quoted sections of the Act, finds no support in the record, hence there is no necessity for discussion or arguments advanced with respect thereto.

The judgment is affirmed.